ACCEPTED
04-17-00393-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/1/2017 10:03 AM

CAUSE NO.  04-17-00393-CV

IN THE COURT OF APPEALS
FOR THE FOURTH JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/01/17 10:03:12 AM
KEITH E. HOTTLE
CLERK

**MAVERICK COUNTY, et al.,**

*Appellant*

v.

**ETHELVINA I. FELAN**

*Appellees*

On Appeal from Cause 17-02-33970-MCV; In the 293rd Judicial District Court
Of Maverick County, Texas

**APPENDIX OF APPEALLANT**

SÁNCHEZ & WILSON, P.L.L.C.
ROBERT W. WILSON, ESQ.
STATE BAR NO. 00794868
rww@sanchezwilson.com
(210) 222-8899 (Telephone)
(210) 222-9526 (Telecopier)

ATTORNEYS FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

Maverick County, et. al, Appellant

SÁNCHEZ & WILSON, P.L.L.C.
Robert W. Wilson, Esq.,
Mark Anthony Sanchez, Esq.
Counsel For Appellants
6243 IH-10 West, Ste. 1025
San Antonio, Texas 78201
(210) 222-8899 (Telephone)
(210) 222-9526 (Telecopier)

LUIS R. VERA & ASSOCIATES
Luis R. Vera, Esq.
Counsel For Appellants
1325 Riverview Towers Bld.
111 Soledad St.
San Antonio, Texas 78205
210-225-3300 Telephone
210-225-2060 Telecopier

Ethelvina I. Felan, Appellee

NAJVAR LAW FIRM, PLLC
Jerad Wayne Najvar, Counsel for Appellee
Andrew Patchan, Counsel for Appellee
2180 North Loop West, Suite 255
Houston, Texas 77018
(281) 404-4696 (Telephone)
(281) 582-4138 (Telecopier)

/s/ ROBERT W. WILSON
ROBERT W. WILSON
STATE BAR NO. 00794868
Counsel of Record for Appellant

Respectfully submitted,
Sanchez &Wilson, PLLC
6243 IH-10 West, Ste. 1025
San Antonio, Texas 78201
Telephone:  210-222-8899
Telecopier:  210-222-9526


By:    /s/ ROBERT W. WILSON
       Robert W. Wilson
       State Bar No: 00794868
       rww@sanchezwilson.com
       Attorneys for Appellant

## APPENDIX OF APPEALLANT

Appellant filed their Brief on September 18, 2017.  Appellant failed to file the Appendix pursuant to TRAP 38.1(l).  Appellant includes the following as the appendix to Appellant's Brief.

APPENDIX

1.  FINAL JUDGMENT

2. TEX. TAX CODE §26.04 (Vernon 2016)

3. TIME LINE OF EVENTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Brief for Appellant has been delivered via telecopier transmission only to Jared Najvar and Andrew Patchan, Najvar Law Firm, PLLC,2180 North Loop West 255, Houston, Texas 77018 on this the 1st day of November  2017.


/s/ ROBERT W. WILSON
Robert W. Wilson

NO. 17-02-33970-MCV

| | | |
|---|---|---|
| ETHELVINA FELAN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 293rd JUDICIAL DISTRICT |
| | § | |
| MAVERICK COUNTY, DAVID | § | |
| SAUCEDO, IN HIS OFFICIAL | § | |
| CAPACITY AS MAVERICK COUNTY | § | |
| JUDGE; JERRY MORALES, IN HIS | § | MAVERICK COUNTY, TEXAS |
| OFFICIAL CAPACITY AS MAVERICK | § | |
| COUNTY COMMISSIONER, PCT. 1; | § | |
| ROSY CANTU, IN HER OFFICIAL | § | |
| CAPACITY AS COUNTY | § | |
| COMMISSIONER, PCT. 2; PETE | § | |
| VENEGAS, IN HIS OFFICIAL | § | |
| CAPACITY AS COUNTY | § | |
| COMMISSIONER, PCT. 3; ROBERTO | § | |
| RUIZ, IN HIS OFFICIAL CAPACITY AS | § | |
| COUNTY COMMISSIONER, PCT. 4; | § | |
| and TEODORO ROY SCHMERBER, IN | § | |
| HIS OFFICIAL CAPACITY AS | § | |
| MAVERICK COUNTY ELECTIONS | § | |
| ADMINISTRATOR | § | |
| | § | |
| Defendants. | § | |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/01/17 10:03:12 AM
KEITH E. HOTTLE
CLERK

## FINAL JUDGMENT

On June 12, 2016, came to be considered the Plaintiff's Motion for Summary Judgment. The Court, having considered the Motion and supporting and opposing briefing and the applicable law cited therein, evidence presented, arguments of counsel, and the pleadings on file in this case, is of the opinion that Plaintiff's Motion for Summary Judgment should be GRANTED.

It is further, ORDERED that any deemed admission is undeemed or withdrawn.

It is further, ORDERED that Defendant's Plea to the Jurisdiction is denied.

1

Maverick County v. Felan000001

It is further, ORDERED that Defendant's Motion for Summary Judgment is denied.

It is further DECLARED that:

1) On September 12, 2016, the Maverick County Commissioners Court adopted a tax rate and a rollback rate;

2) Due to a good-faith mistake, those rates were incorrectly calculated;

3) On September 16, 2016, the Maverick County Commissioners Court rescinded agenda Item 26, which was the adoption of the tax rates;

4) On October 3, 2016, the Maverick County Commissioners Court ratified a property tax rate of approximately $0.542 per $100 of property evaluation;

5) By calculation and by admission, the correct Rollback Rate for this tax year is approximately $0.466 per $100 of property value;

6) Plaintiff filed a rollback petition within the time prescribed by law;

7) Within 20 days of receiving the rollback petition, the Maverick County Commissioner's Court adopted an order certifying more than enough signatures to engender a rollback election;

8) The Maverick County Commissioner's Court failed to order a rollback election within the time prescribed by statute, which is a purely ministerial act.

Therefore, it is ORDERED that the Clerk of Court shall forthwith issue a Writ of Mandamus commanding the Maverick County Commissioner's Court, its agents, employees, and all persons or entities of any type whatsoever acting in concert with the County, to hold a rollback election, pursuant to Texas Tax Code §26.07, in not fewer than 30 days or more than 90 days from June 12, 2017.

2

Maverick County v. Felan000002

Costs of Court are adjudged against the Defendants. All other relief not ordered in this final judgment is DENIED.

SIGNED June __16_, 2017

Judge W.C. Kirkendall

APPROVED AS TO FORM:

_____

Robert "Woody" Wilson,
Attorney for Defendants

_____

Martin Golando,
Attorney Plaintiff

3

Maverick County v. Felan000003

NOTES OF DECISIONS (31)

Admissibility of evidence
Certification of person making tax rate calculations
Collection methods
Compliance with statute
Exemptions
Injunction
Mandamus
Notice
Omission of property
Presumptions and burden of proof
School districts
Standing
Sufficiency of evidence
Water districts

Vernon's **Texas** Statutes and **Codes** Annotated
**Tax Code** (Refs & Annos)
Title 1. Property **Tax Code**
§ 26.04. Submission of Roll to Governing Body; Effective and Rollback **Tax Rates**
Vernon's Texas Statutes and Codes Annotated | Tax Code | Effective: December 31, 2016 *(Approx. 4 pages)*
Chapter 26. Assessment (Refs & Annos)

Proposed Legislation

Effective: December 31, 2016

V.T.C.A., **Tax Code** § 26.04

## § **26.04**. Submission of Roll to Governing Body; Effective and Rollback **Tax** Rates

Currentness

(a) On receipt of the appraisal roll, the assessor for a **taxing** unit shall determine the total appraised value, the total assessed value, and the total taxable value of property taxable by the unit. He shall also determine, using information provided by the appraisal office, the appraised, assessed, and taxable value of new property.

(a-1) Expired.

(b) The assessor shall submit the appraisal roll for the unit showing the total appraised, assessed, and taxable values of all property and the total taxable value of new property to the governing body of the unit by August 1 or as soon thereafter as practicable. By August 1 or as soon thereafter as practicable, the **taxing** unit's collector shall certify an estimate of the collection rate for the current year to the governing body. If the collector certified an anticipated collection rate in the preceding year and the actual collection rate in that year exceeded the anticipated rate, the collector shall also certify the amount of debt **taxes** collected in excess of the anticipated amount in the preceding year.

(c) An officer or employee designated by the governing body shall calculate the effective **tax** rate and the rollback **tax** rate for the unit, where:

(1) "Effective **tax** rate" means a rate expressed in dollars per $100 of taxable value calculated according to the following formula:

$$\text{EFFECTIVE TAX RATE} = \frac{(\text{LAST YEAR'S LEVY} - \text{LOST PROPERTY LEVY})}{(\text{CURRENT TOTAL VALUE} - \text{NEW PROPERTY VALUE})}$$

; and

(2) "Rollback **tax** rate" means a rate expressed in dollars per $100 of taxable value calculated according to the following formula:

$$\text{ROLLBACK TAX RATE} = (\text{EFFECTIVE MAINTENANCE AND OPERATIONS RATE} \times 1.08) + \text{CURRENT DEBT RATE}$$

(c-1) Expired.

(d) The effective **tax** rate for a county is the sum of the effective **tax** rates calculated for each type of **tax** the county levies and the rollback **tax** rate for a county is the sum of the rollback **tax** rates calculated for each type of **tax** the county levies.

Maverick County v. Felan000004

(e) By August 7 or as soon thereafter as practicable, the designated officer or employee shall submit the rates to the governing body. He shall deliver by mail to each property owner in the unit or publish in a newspaper in the form prescribed by the comptroller:

(1) the effective **tax** rate, the rollback **tax** rate, and an explanation of how they were calculated;

(2) the estimated amount of interest and sinking fund balances and the estimated amount of maintenance and operation or general fund balances remaining at the end of the current fiscal year that are not encumbered with or by corresponding existing debt obligation;

(3) a schedule of the unit's debt obligations showing:

(A) the amount of principal and interest that will be paid to service the unit's debts in the next year from property **tax** revenue, including payments of lawfully incurred contractual obligations providing security for the payment of the principal of and interest on bonds and other evidences of indebtedness issued on behalf of the unit by another political subdivision and, if the unit is created under Section 52, Article III, or Section 59, Article XVI, **Texas** Constitution, payments on debts that the unit anticipates to incur in the next calendar year;

(B) the amount by which **taxes** imposed for debt are to be increased because of the unit's anticipated collection rate; and

(C) the total of the amounts listed in Paragraphs (A)-(B), less any amount collected in excess of the previous year's anticipated collections certified as provided in Subsection (b);

(4) the amount of additional sales and use **tax** revenue anticipated in calculations under Section 26.041;

(5) a statement that the adoption of a tax rate equal to the effective **tax** rate would result in an increase or decrease, as applicable, in the amount of **taxes** imposed by the unit as compared to last year's levy, and the amount of the increase or decrease;

(6) in the year that a **taxing** unit calculates an adjustment under Subsection (i) or (j), a schedule that includes the following elements:

(A) the name of the unit discontinuing the department, function, or activity;

(B) the amount of property **tax** revenue spent by the unit listed under Paragraph (A) to operate the discontinued department, function, or activity in the 12 months preceding the month in which the calculations required by this chapter are made; and

(C) the name of the unit that operates a distinct department, function, or activity in all or a majority of the territory of a **taxing** unit that has discontinued operating the distinct department, function, or activity; and

(7) in the year following the year in which a **taxing** unit raised its rollback rate as required by Subsection (j), a schedule that includes the following elements:

(A) the amount of property **tax** revenue spent by the unit to operate the department, function, or activity for which the **taxing** unit raised the rollback rate as required by Subsection (j) for the 12 months preceding the month in which the calculations required by this chapter are made; and

(B) the amount published by the unit in the preceding **tax** year under Subdivision (6)(B).

(e-1) The notice requirements imposed by Subsections (e)(1)-(6) do not apply to a school district.

(f) If as a result of consolidation of **taxing** units a **taxing** unit includes territory that was in two or more **taxing** units in the preceding year, the amount of **taxes** imposed in each in the preceding year is combined for purposes of calculating the effective and rollback **tax** rates under this section.

(g) A person who owns taxable property is entitled to an injunction prohibiting the **taxing** unit in which the property is taxable from adopting a **tax** rate if the assessor or designated officer or employee of the unit, as applicable, has not complied with the computation or publication requirements of this section and the failure to comply was not in good faith.

Maverick County v. Felan000005

(h) For purposes of this section, the anticipated collection rate of a **taxing** unit is the percentage relationship that the total amount of estimated **tax** collections for the current year bears to the total amount of **taxes** imposed for the current year. The total amount of estimated **tax** collections for the current year is the sum of the collector's estimate of:

(1) the total amount of property **taxes** imposed in the current year that will be collected before July 1 of the following year, including any penalties and interest on those **taxes** that will be collected during that period; and

(2) the total amount of delinquent property **taxes** imposed in previous years that will be collected on or after July 1 of the current year and before July 1 of the following year, including any penalties and interest on those **taxes** that will be collected during that period.

(i) This subsection applies to a **taxing** unit that has agreed by written contract to transfer a distinct department, function, or activity to another **taxing** unit and discontinues operating that distinct department, function, or activity if the operation of that department, function, or activity in all or a majority of the territory of the **taxing** unit is continued by another existing **taxing** unit or by a new **taxing** unit. The rollback **tax** rate of a **taxing** unit to which this subsection applies in the first **tax** year in which a budget is adopted that does not allocate revenue to the discontinued department, function, or activity is calculated as otherwise provided by this section, except that last year's levy used to calculate the effective maintenance and operations rate of the unit is reduced by the amount of maintenance and operations **tax** revenue spent by the **taxing** unit to operate the department, function, or activity for the 12 months preceding the month in which the calculations required by this chapter are made and in which the unit operated the discontinued department, function, or activity. If the unit did not operate that department, function, or activity for the full 12 months preceding the month in which the calculations required by this chapter are made, the unit shall reduce last year's levy used for calculating the effective maintenance and operations rate of the unit by the amount of the revenue spent in the last full fiscal year in which the unit operated the discontinued department, function, or activity.

(j) This subsection applies to a **taxing** unit that had agreed by written contract to accept the transfer of a distinct department, function, or activity from another **taxing** unit and operates a distinct department, function, or activity if the operation of a substantially similar department, function, or activity in all or a majority of the territory of the **taxing** unit has been discontinued by another **taxing** unit, including a dissolved **taxing** unit. The rollback **tax** rate of a **taxing** unit to which this subsection applies in the first **tax** year after the other **taxing** unit discontinued the substantially similar department, function, or activity in which a budget is adopted that allocates revenue to the department, function, or activity is calculated as otherwise provided by this section, except that last year's levy used to calculate the effective maintenance and operations rate of the unit is increased by the amount of maintenance and operations **tax** revenue spent by the **taxing** unit that discontinued operating the substantially similar department, function, or activity to operate that department, function, or activity for the 12 months preceding the month in which the calculations required by this chapter are made and in which the unit operated the discontinued department, function, or activity. If the unit did not operate the discontinued department, function, or activity for the full 12 months preceding the month in which the calculations required by this chapter are made, the unit may increase last year's levy used to calculate the effective maintenance and operations rate by an amount not to exceed the amount of property **tax** revenue spent by the discontinuing unit to operate the discontinued department, function, or activity in the last full fiscal year in which the discontinuing unit operated the department, function, or activity.

(k) to (q) Expired.

**Credits**
Acts 1979, 66th Leg., p. 2277, ch. 841, § 1, eff. Jan. 1, 1982. Amended by Acts 1981, 67th Leg., 1st C.S., p. 163, ch. 13, § 116, eff. Jan. 1, 1982; Acts 1983, 68th Leg., p. 2165, ch. 400, § 1, eff. June 17, 1983; Acts 1983, 68th Leg., p. 5376, ch. 987, § 3, eff. June 19, 1983; Acts 1983, 68th Leg., p. 5402, ch. 1001, § 1, eff. Jan. 1, 1984; Acts 1985, 69th Leg., ch. 657, §§ 1, 2, eff. June 14, 1985; Acts 1985, 69th Leg., 1st C.S., ch. 1, § 2, eff. Sept. 1, 1985; Acts 1986, 69th Leg., 3rd C.S., ch. 10, art. 1, § 36, eff. Jan. 1, 1987; Acts 1987, 70th Leg., ch. 699, § 1, eff. June 19, 1987; Acts 1987, 70th Leg., ch. 849, § 2, eff. Aug. 31, 1987; Acts 1987, 70th Leg., ch. 947, § 3, eff. Jan. 1, 1988; Acts 1987, 70th Leg., ch. 988, § 1, eff. June 18, 1987; Acts 1991, 72nd Leg., ch. 14, § 284 (18), eff. Sept. 1, 1991; Acts 1991, 72nd Leg., 2nd C.S., ch. 6, § 45, eff. Sept. 1, 1991; Acts 1993, 73rd Leg., ch. 81, § 2, eff. May 4, 1993; Acts 1993, 73rd Leg., ch. 611, §§ 1, 2, eff. Aug. 30, 1993; Acts 1997, 75th Leg., ch. 165, §§

Maverick County v. Felan000006

29.01, 29.03, eff. Sept. 1, 1997; Acts 1997, 75th Leg., ch. 1070. § 54, eff. Sept. 1, 1997; Acts 1999, 76th Leg., ch. 398, § 2. eff. Aug. 30, 1999; Acts 1999, 76th Leg., ch. 1358, § 1, eff. Jan. 1, 2000; Acts 1999, 76th Leg., ch. 1561, § 1, eff. Aug. 30, 1999; Acts 2015, 84th Leg., ch. 465 (S.B. 1), § 4, eff. June 15, 2015.

---

### Relevant Additional Resources

Additional Resources listed below contain your search terms.

### Editors' Notes

#### HISTORICAL AND STATUTORY NOTES

Acts 1999, 76th Leg., ch. 1358, in subsec. (e), inserted subd. (5); renumbered former subsec. (e)(5) and (6) as subsec. (e)(6) and (7); in subsec. (e)(6), deleted "the unit shall publish" preceding "a schedule"; in subsec. (e)(7), in the introductory paragraph, deleted "the **taxing** unit shall publish" preceding "a schedule"; and in subsec. (e)(7)(B), substituted "(6)(B)" for "(5)(B)".

Acts 1999, 76th Leg., ch. 1561, added subsecs. (k) to (q). These subsections, relating to rollback **tax** rates of **taxing** units contracting for funding a distinct department, function or activity, expired by the terms of subsec. (q) January 1, 2001.

#### 2015 Legislation

"This Act applies beginning with the 2015 **tax** year."

#### Prior Laws:

Vernon's Ann.Civ.St. arts. 2784e, 2784e-1, 7244c; V.T.C.A., Education **Code** § 20.03 (c).

#### CROSS REFERENCES

Authorized expenditures, see V.T.C.A., Education **Code** § 45.105.

Correction of appraisal roll, see V.T.C.A., **Tax Code** § 25.25.

Exemptions generally, see V.T.C.A., **Tax Code** § 11.01 et seq.

Indigent Health Care and Treatment Act, property **tax** rate exceeding rate calculated under this section by more than 8%, see V.T.C.A., Health & Safety **Code** § 61.010.

Junior college district under separate board of trustees, ad valorem **tax** levy, see V.T.C.A., Education **Code** § 130.016.

Municipal sales and use **tax**, excess over property **tax** revenue, use for debt reduction, see V.T.C.A., **Tax Code** § 321.507.

Notice of appraised value, value greater than preceding year, **tax** rate under this section if total values were approved, see V.T.C.A., **Tax Code** § 25.19.

Notice of budget and **tax** rate meeting, budget adoption. see V.T.C.A., Education **Code** § 44.004.

Procedures for incorporation or establishment of another form of local government for certain areas subject to regional participation agreement, see V.T.C.A., Local Government **Code** § 43.0755.

Proposed property **tax** rate notice for counties and municipalities, see V.T.C.A., Local Government **Code** § 140.010.

Real property and improvements for school districts, see V.T.C.A., Local Government **Code** § 271.004.

Revenue from additional city sales and use **tax** exceeding amount of **taxes** calculated for city under subsec. (c) of this section, see V.T.C.A., **Tax Code** § 321.507.

Special appraisal generally, see V.T.C.A., **Tax Code** § 23.01 et seq.

#### LAW REVIEW COMMENTARIES

Annual survey of **Texas** law: Property **tax**. Richard C. Stark and Joyce D. Slocum, 37 Sw.L.J. 412 (1983).

#### RESEARCH REFERENCES

#### Encyclopedias

TX Jur. 3d Taxation § 45, Increase in Amount of Property **Taxes**.

#### Treatises and Practice Aids

Maverick County v. Felan000007

# TIMELINE OF EVENTS

1. August 8, 2016 - The Tax Assessor calculates the 2016 Rollback Rate and 2016 Effective Tax Rate and submits to Commissioner's Court for Approval. Maverick County Commissioner's Court approves a 2016 Rollback Tax Rate of .586535 per $100 and a 2016 Effective Tax Rate of 0.542309 per $100.

2. August 8, 2016 – Maverick County Commissioner's Court approves a proposed rate of not an excess of $0.586535 per $100.

3. August 25, 2016 – Maverick County Commissioner's Court has a public hearing regarding the proposed 2016 Tax Rate.

4. September 1, 2016 – Maverick County Commissioner's Court has a second public hearing regarding the proposed 2016 Tax Rate.

5. September 11, 2016 – Appellee obtains a signature to the Rollback Petition.

6. September 12, 2016 – Maverick County Commissioner's Court approves a 2016 Tax Rate of $0.586535 per $100.

7. Soon after September 12, 2016 – Mistake is discovered in the calculation of the 2016 Rollback Rate by the Tax Assessor.

8. September 29, 2016 – the Maverick County Commissioner's rescinded the adopted 2016 tax rate. this action lowered the 2016 Tax Rate from $0.5856536/$100 to $0.542309/$100.

9. October 3, 2016 – the 2016 Tax Rate was ratified by Commissioner's Court.

10. October 7 – October 10, 2016 – Tax notices sent out to the taxpayers.

11. December 22, 2016 – Appellee files the Rollback Petition.

12. February 21, 2016 – Appellee files Plaintiff's Original Petition for Writ of Mandamus, Permanent Injunction, and Declaratory Judgment, and Request for Disclosure.

Maverick County v. Felan000008

13. May 3, 2017 – ninety percent of taxes were collected by this date.

Maverick County v. Felan000009